UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-CV-00249-FDW-DCK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, SUBSTITUTE TRUSTEE SERVICES, INC., and HUTCHENS LAW FIRM, LP,<br><br>   Plaintiffs,<br><br>vs.<br><br>DIANNE BOYTER,<br><br>   Defendant. | ORDER |

**THIS MATTER** is before the Court *sua sponte* on Pro Se Defendant's Notice of Removal. (Doc. No. 1). For the reasons stated below, this case is REMANDED to the North Carolina General Court of Justice, Superior Court Division, for Union County.

### I. BACKGROUND

This civil action arises from foreclosure proceedings brought against *pro se* Defendant Dianne Boyter ("Defendant") in the North Carolina General Court of Justice, Union County Superior Court, as to real property located at 5909 Four Wood Drive, Matthews, North Carolina, 28104 (the "Subject Property"). (Doc. No. 1). According to the Notice of Removal, on or about August 17, 2006, Defendant entered into a real estate transaction with Amerisouth Mortgage Company for the amount of $303,200.00. (Doc. No. 1, pp. 7, 9). Federal National Mortgage Association ("FNMA") later became the holder of the promissory note and owner of the deed of trust (Doc. No. 1, p. 9). On behalf of FNMA, Plaintiffs instituted a foreclosure action against Defendant seeking to foreclose on the Subject Property. (Doc. No. 1, ¶ 12). Proceedings in this matter are ongoing, and a hearing before the Clerk of Superior Court for Union County on

1

Plaintiffs' Motion to Withdraw Voluntary Dismissal is scheduled for Monday, June 8, 2015. (Doc. No. 1, p. 13).

## II. ANALYSIS

The existence of subject matter jurisdiction is a threshold issue. While there is no pending motion to dismiss this matter for lack of subject matter jurisdiction, "it is well-recognized in our jurisprudence that the issue of subject matter jurisdiction may be raised *sua sponte*." Unitrin Auto and Home Ins. Co. v. Bastida, No. 3:09-cr-00217, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (citing Contrick v. Ryan, 540 U.S. 443, 455 (2004)). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Absent a proper basis for subject matter jurisdiction, a case *must* be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); accord Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

As noted above, this case arises out of a foreclosure conducted under Chapter 45 of the North Carolina General Statutes. Foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. See e.g., Jennifer Belter Formichella, PLLC, 2012 WL 2501110, *2 (citing City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C. 2009) (remanding tax foreclosure action); McNelly v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C. 2008) (nothing in "simple foreclosure action of real property … suggests

2

the presence of a federal question")); Trustee Services of Carolina, LLC v. Rivera, 2012 WL 1645534, *2 (W.D.N.C. May 2, 2012) (same)).

Furthermore, the Court notes that dismissal is also appropriate under the Younger abstention doctrine, which provides that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. See Younger v. Harris, 401 U.S. 37 (1971); Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

Here, Defendant's Notice of Removal and exhibits attached to this Notice reveal that there is an ongoing foreclosure proceeding in the North Carolina General Court of Justice for Union County regarding foreclosure of the Subject Property. (Doc. No. 1). Furthermore, this case concerning the ongoing foreclosure matters clearly implicates important state interests. See Toney v. LaSalle Bank Nat'l Ass'n, 896 F. Supp. 2d 455, 476 (D. S.C. 2012) (citing Shaffer v. Heitner, 433 U.S. 186, 207-08 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders[ ] and in providing a procedure for peaceful resolution of disputes about the possession of that property") (footnote omitted in original); Sergeon v. Home Loan Ctr., Inc., No. 3:09-CV-01113-J-32JBT, 2010 WL 5662930 (collecting cases applying Younger abstention in light of a pending state foreclosure proceeding); Barkowski v. Fremont Inv. & Loan of Anaheim, Cal., 368 F. Supp. 2d 822, 828 (N.D. Ohio 2005 (applying Younger abstention in the context of a pending state foreclosure proceeding); Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (finding that foreclosure and ejectment proceedings were important state interests under Younger)). Finally, Defendant has an adequate

3

state forum to defend herself against any claims brought against her in this matter. In fact, as previously noted, Defendant is currently a party to foreclosure proceedings instituted by Plaintiffs and currently pending in North Carolina State Court. Under North Carolina law, a clerk hearing a foreclosure of a deed of trust by power of sale must find: (i) a valid debt of which the foreclosing party is the holder; (ii) default; (iii) right to foreclose by power of sale under the debt instrument; (iv) notice to all parties entitled to it; (v) compliance with various consumer-protection notice provisions; and (vi) that the debtor is not an active-duty member of the armed services. N.C. Gen. Stat. § 45-21.16(d). Decisions of the clerk under N.C. Gen. Stat. §45-21.1 are appealable to the superior court within ten days and become final, non-appealable orders if not appealed by the deadline. Phil Mechanical Constr. Co. v. Hillier, 72 N.C. App. 318, 325 (1985)).

Accordingly, any claims or defenses brought by Defendant in this case must be addressed by the clerk in the foreclosure proceedings currently pending in Union County. Moreover, North Carolina law specifically provides Defendant with a means to appeal the clerk's decision, should Defendant find such action necessary after the clerk renders her decision. Thus, dismissal is also appropriate under the Younger abstention doctrine.

The Court also notes that the present action is one of many similar actions filed by Defendant with this Court and the United States Bankruptcy Court in an apparent effort to delay the above-referenced foreclosure proceedings, which were originally initiated against Plaintiff in February 2011. (Doc. No. 1, ¶ 2). According to the Court's review of its records and the materials filed along with the present Notice of Removal, on August 29, 2011, Defendant originally filed an action to quiet title to the real property at issue in the present matter, i.e., 5905 Four Wood Drive, Matthews, North Carolina 28104. See Boyter v. Bank of America, N.A., 3:11-cv-00412. In that

case, Defendant sought to have the deed at issue in the present action declared a nullity and the holder of the note "forever enjoined from foreclosing on subject property." Id. On December 27, 2011, Defendant voluntarily dismissed that case without prejudice. Id., Doc. No. 3. Shortly thereafter, on March 26, 2012, Defendant filed a second action to quiet title with this Court, which concerned the same foreclosure proceedings at issue in the present matter. See Boyter v. Banker of America Corp., 3:12-cv-00189. In that case, Defendant sought to have "the American Mortgage Deed of Trust be declared a nullity by this Court," and to have the defendants in that case "forever enjoined from foreclosing on subject property." Id. at Doc. No. 28, p. 2. In reviewing the Complaint, United States Magistrate Judge David Keesler found, "[t]he crux of Plaintiffs' action seems to be to prevent Defendants from foreclosing on their property." Id. at p. 4. On October 9, 2012, Judge Keesler ultimately concluded "that Plaintiffs are attempting to avoid the original jurisdiction granted to the Clerk of Superior Court of Union County, North Carolina," held that the Court lacked subject matter jurisdiction over the case, and recommended that the case be dismissed. Id. at pp. 7-8. United States District Court Judge Robert Conrad subsequently affirmed Judge Keesler's Order, and the case was dismissed from this Court on November 20, 2012. See id. at Doc. No. 29.

Interestingly, on September 20, 2012, while the case referenced immediately above was pending before Judges Conrad and Keesler, Defendant filed a separate complaint, again concerning the foreclosure at issue in the present case. See Boyter v. Moynihan et al., 3:12-cv-00586. In his order granting dismissal of Plaintiff's [Defendant's] complaint, United States District Court Judge Max Cogburn stated that "plaintiff [Defendant] attempts to sue the bank, bank officials, the law firm assisting the bank, and the substitute trustee service that were involved in

the foreclosure of plaintiff's home in Union County, North Carolina. This is not plaintiff's first attempt to do so, as she has filed two other actions in this court against these same defendants as well as attempted to remove the state foreclosure proceeding to this court." Id., Doc. No. 35.

Finally, on March 26, 2013, in a Notice of Removal strikingly similar to the present Notice of Removal, Defendant sought removal of the same state foreclosure proceedings at issue in the present case and the cases described above. See Boyter v. Hutchens, Senter, Kellam & Pettit, P.A., 3:13-cv-00201. In his March 29, 2013 order remanding that case for lack of subject-matter jurisdiction, Judge Cogburn found that "plaintiff [was] attempting to remove from state court a foreclosure proceeding lodged against her." Id. at Doc. No. 3.

Along with these matters filed with the United States District Court, Defendant has also filed numerous bankruptcy petitions with the United States Bankruptcy Court for the Western District of North Carolina. In a December 5, 2013 Order entered by United States Bankruptcy Judge Laura Beyer, Judge Beyer found that the case before her was "the pro se Debtor's (i.e., Defendant's) third bankruptcy case in the last fourteen months." See In re: Dianne Berghmans Boyter, Case No. 13-bk-32506, Doc. No. 10. After noting that both of Defendant's prior two cases were voluntarily dismissed within two months of Defendant filing the petitions, and after finding that the petition before her was "bare-bones" and "without most of the required schedules and statements," Judge Beyer stated, "it appears that the Debtor [Defendant] may have filed this case in bad faith and that it may be an abuse of the bankruptcy process." Id. Consequently, Judge Beyer ordered Defendant to appear and show cause why her case should not be dismissed and "why she should not be barred from filing additional bankruptcy cases in the future." Id.

6

Ultimately, Defendant filed a motion seeking to be dismissed from the case, and the case was voluntarily dismissed on March 11, 2014. Id., Doc. No. 69.

Based on the above findings exhibiting Defendant's blatant and egregious abuse of the judicial process in filing numerous frivolous lawsuits related to the foreclosure of the Subject Property over the course of more than four years, the Court warns Defendant that submitting further frivolous filings to the Court could result in Defendant being held in contempt of Court.

### III.  CONCLUSION

For the above reasons, this matter is REMANDED in accordance with § 1915(e)(2)(B)(i) for lack of subject matter jurisdiction to the North Carolina General Court of Justice, Superior Court Division, for Union County. The Clerk of Court is respectfully directed to send a certified copy of this Order, along with Document 1 filed in this matter, to the Clerk of Superior Court for Union County, 400 North Main Street, Monroe, North Carolina, 28112.

Additionally, for the reasons stated herein, Defendant is ordered not to submit future frivolous filings to the Court. Defendant's failure to follow this Order could result in her being held in contempt of court. Moreover, Defendant is hereby put on notice that if she submits further frivolous filings to this Court, the Court will consider imposing a prefiling injunction on Defendant.[1]

**IT IS SO ORDERED.**

---

[1] The Court notes that Petitioners are free to submit non-frivolous filings to the Court. Federal courts "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Thomas v. Fulton, 260 Fed. Appx. 594, 586 (4th Cir. 2008) (quoting Cromer v. Kraft Foods N. Am. Inc., 390 F.3d 812, 817 (4th Cir. 2004)). However, "[f]ederal courts have the authority to issue prefiling injunctions against vexatious litigants." Id. (citing Cromer, 390 F.3d at 817).

Signed: June 8, 2015

Frank D. Whitney
Chief United States District Judge